**Rogelio Medrano RIOS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76575.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Alisa S. Thomas, Law Offices of Alisa S. Thomas, Santa Cruz, CA, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michele Y.F. Sarko, Esq., M. Jocelyn Lopez Wright, Esq., Peter D. Keisler, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Rogelio Medrano Rios, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an Immigration Judge's ("IJ") order of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo questions of law. *Sinotes–Cruz v. Gonzales,* 468 F.3d 1190, 1194 (9th Cir.2006). We deny in part and dismiss in part the petition for review.

Rios contends that the IJ erred in finding him inadmissible based on the conviction records submitted by the government. As an arriving alien, Rios bore the burden of proving his admissibility, and failed to do so. *See* 8 U.S.C. § 1229a(c)(2); *Altamirano v. Gonzales,* 427 F.3d 586, 590–591 (9th Cir.2005). In any event, the IJ properly admitted the conviction records as they were certified by the state court and met standard authentication procedures. *See Sinotes–Cruz,* 468 F.3d at 1196–97

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(electronically transmitted records properly admitted even when not in compliance with 8 U.S.C. § 1229a(c)(3)(C) because § 1229a(c)(3)(C) establishes when records must be admitted, but does not set up minimum requirements for admission).

Because the IJ did not deny any applications for relief on discretionary grounds, our jurisdiction is not in question and we are not required to remand pursuant to *Lanza v. Ashcroft,* 389 F.3d 917 (9th Cir. 2004).

We lack jurisdiction to review Rios's remaining contentions because he did not raise them before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir. 2004) (requiring exhaustion of administrative remedies for constitutional claims premised on procedural errors that the agency could have remedied).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**